IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT HAVENS,<br>   *Plaintiff,*<br><br>v.<br><br>CYCLONE SEPTIC SERVICES, LLC,<br>   *Defendant.* | C.A. NO. 4:22-cv-02768<br><br>JURY TRIAL DEMANDED |

## **PLAINTIFF ROBERT HAVENS' ORIGINAL COMPLAINT**

Plaintiff Robert Havens ("Havens" or "Plaintiff") brings this suit against Cyclone Septic Services, LLC ("Defendant" or "Cyclone Septic Services") under 29 U.S.C. § 216(b), individually and on behalf of all current and/or former non-exempt employees of Defendant who were not paid overtime for the hours they worked over forty (40) hours per week and were misclassified as independent contractors. Additionally, Plaintiff seeks to recover the past three years of back wages, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### A.    NATURE OF THE CASE

1. Plaintiff's claims arise under the FLSA for unpaid overtime wages. The FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Cyclone Septic Services willfully violated the FLSA because the company knew or showed a reckless disregard for whether its pay practices were unlawful. Therefore, Plaintiff brings this action, individually and behalf of similarly situated current and/or former employees of Defendant, under 29 U.S.C. § 216(b) to recover back wages,

1

liquidated damages, and attorneys' fees and costs.

## B. PARTIES

3. Robert Havens is an individual, who is a citizen of the State of Texas and resides within the Southern District of Texas where a substantial part of the events or omissions giving rise to the claim occurred.

4. Defendant Cyclone Septic Services, LLC is a domestic for-profit limited liability company that may be served through its registered agent, Legalzoom.com, Inc. located at 9900 Spectrum Dr., Austin, Texas 78717. Alternatively, if the registered agent of Defendant cannot with reasonable diligence be found at the company's registered office, Defendant may be served with process by serving the Texas Secretary of State. *See*, TEX. BUS. ORG. CODE §§ 5.251-5.254; *see also*, TEX. CIV. PRAC. & REM. CODE § 17.026.

5. An allegation that Defendant committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants, or employees committed such an act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employees.

## C. JURISDICTION AND VENUE

6. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

7. Venue is proper in this district and division because Defendant resides in this district and division. 28 U.S.C. § 1391(b)(1).

**D.   FACTS**

8. Cyclone Septic Services provides residential septic pump out, septic services, septic cleaning services, and more in Montgomery, Texas. *See generally*, www.montgomeryresidentialsepticpumpout.com. As such, Cyclone Septic Services does business in the territorial jurisdiction of this Court.

9. Defendant employed Havens from approximately September 2021 to April 2022. Defendant hired Havens as a "helper," and he worked as a "helper" for all but the last two months of his employment. Then, Defendant called Havens a "general manager," though Havens was still mostly doing the manual labor he did as a "helper."

10. Specifically, throughout his employment with Defendant, as either a "helper" or a "general manager,", Havens was responsible for servicing residential septic systems which included digging holes, running hoses and using his truck to pump the contents of septic tanks.

11. However, though Defendant misclassified Havens as an independent contractor, Defendant acted as Havens' employer.

12. During Havens' employment with Defendant, he was engaged in commerce or in the productions of goods for commerce. Additionally, during Havens' employment with Defendant, the company had other employees engaged in commerce or in the production of goods for commerce.

13. During Havens' employment with Defendant, the company had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by others. Moreover, during Havens' employment with Defendant, the company had an annual gross volume of sales made or business done of at least

$500,000.

14.     Defendant paid Havens on an hourly basis every week. Additionally, Defendant improperly paid Havens on a 1099 basis, though Havens used Defendant's truck(s), equipment, filled in Defendant's timesheets each week, did not control his own schedule, and did not negotiate the terms of his work for Defendant. Moreover, Havens was required to work up to eighteen (18) hours a day, seven days a week for Defendant, leaving no time to rest, much less work for anyone else. In other words, Defendant misclassified Havens as an independent contractor when Havens should have been classified as an employee.

15.     During Havens' employment with Defendant, he regularly worked in excess of forty hours per week. Further, Defendant knew or should have known that Havens worked in excess of forty hours per week.

16.     Despite this, Defendant did not pay Havens for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C § 207(a)(1).

17.     Instead, Defendant paid Havens straight time for overtime, regardless of the number of hours he worked.

18.     Havens was not exempt from the maximum hour requirements of the FLSA. Specifically, as a "helper" and even still as a "general manager," Havens' primary duties were non-exempt as his primary duties did not include office or nonmanual work. Additionally, as a "helper" and even still as a "general manager,", Havens' primary duties were not directly related to the management or general business operations of Defendant or its customers. Further, Havens' primary duties as a "helper" and even still as a "general manager," did not differ substantially from the duties of traditionally non-exempt hourly

4

workers.

19. As a "helper" and even still as a "general manager," Havens did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance. Instead, Havens was required to follow Defendant's policies, practices, and procedures. Moreover, Havens did not have any independent authority to deviate from Defendant's policies, practices, and procedures.

20. As such, Defendant knew or should have known that Havens was not exempt from the maximum hour requirements of the FLSA.

21. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

22. During Havens' employment with Defendant, the company did not maintain accurate time and pay records for Havens as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

23. Defendant continued the pay practice(s) complaint of by Havens, without investigation, despite being put on notice that the pay practice(s) violated the FLSA.

24. Because Defendant willfully violated the FLSA, the company is liable to Havens for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

25. As a result of the FLSA violation(s) described above, Defendant is liable to Havens for back wages, liquidated damages, and attorneys' fees and costs. 29 U.S.C. § 216(b).

26. All [position] who were paid on a [what?] basis and employed by Defendant during the last three years are similarly situated to Havens because (1) they have similar job duties; (2) they regularly worked or work in excess of forty hours per week; (3) they were or are not paid overtime for the hours they worked or work in excess of forty hours per week as required by 29 U.S.C. § 207(a)(1); and (4) they are entitled to recover back wages,

5

liquidated damages, and attorneys' fees and costs from Defendant under 29 U.S.C. § 216(b).

### E.     CAUSES OF ACTION

### Count No. 1 – Failure to Pay Overtime in Violation of 29 U.S.C. § 207

27. Havens adopts by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

28. During Havens' employment with Defendant, he was a non-exempt employee. Because Havens was a non-exempt employee, Defendant was legally obligated to pay Havens "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

29. However, Defendant did not pay Havens "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1). Instead, Defendant paid Havens, and other "helpers" and "general managers," at his normal hourly rate for all the hours he worked.

30. In other words, Defendant paid Plaintiff and the other "helpers" and "general managers" for their overtime at a rate less than one and one-half times the regular rate at which they were employed in violation of the FLSA.

31. If Defendant classified Havens as exempt from the maximum hour requirements of the FLSA, he was misclassified.

32. As a result of the FLSA violation(s) described above, Defendant is liable to Havens for back wages equal to the difference between what the company should have paid and what it actually paid.

## Count No. 2 – Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

33. Havens adopts by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

34. The FLSA requires employers to keep accurate records of hours worked by and wages paid to non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

35. In addition to the violations of the FLSA described within this Complaint, Defendant also failed to keep proper time and pay records as required by the FLSA.

## Count No. 3 - Willful Violation of the FLSA under 29 U.S.C. § 255(a)

36. Havens adopts by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

37. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

38. During Havens' employment with Defendant, the company did not maintain accurate time and pay records for Havens as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

39. Additionally, Defendant continued the pay practice(s) complained of by Havens without investigation after being put on notice that the pay practice(s) violated the FLSA.

40. Therefore, because Defendant willfully violated the FLSA, the company is liable to Havens for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## Count No. 3 – Collective Action Allegations Under 29 U.S.C. § 216(b)

41. Havens adopts by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

42. On information and belief, other employees of Defendant have been victimized by the FLSA violation(s) described above.

43. These employees are similarly situated to Havens because, during the relevant time period, they held similar positions, were misclassified as independent contractors, and were compensated in a similar manner, which, as explained herein, violates the FLSA.

44. Defendant's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the members of the Overtime Collective (defined below).

45. Since Havens' experiences are typical of the experiences of the members of the Overtime Collective, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

46. For these reasons and under 29 U.S.C. § 216(b), Havens requests that the Court authorize notice regarding the pendency of this case and the right to join it in the following collective(s):

> All "helpers" and "general managers" employed by Defendant during the last three years at the Montgomery, Texas location who worked more than forty hours in any one or more workweeks and who were paid their regular rate for all hours worked in excess of forty hours per week (the "Overtime Collective").

47. Defendant is liable to Havens and the members of the Overtime Collective for back wages equal to the difference between what the company should have paid and what it actually paid.

48. Havens has retained competent and capable attorneys who are experienced in complex employment litigation (including collective actions); Havens and his counsel are committed to prosecuting this action vigorously on behalf of him and the members of the Overtime Collective, have the financial resources to do so and do not have interest that are contrary to or that conflict with those of the proposed collective(s).

### Count No. 4 – Liquidated Damages, Attorneys' Fees & Costs under 29 U.S.C. § 216(b)

49. Havens adopts by reference all the facts set forth above. See, Fed. R. Civ.P. 10(c).

50. Havens is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

51. Havens is authorized to recover attorneys' fees and costs on his claims by statute. 29 U.S.C. § 216(b).

52. Havens has retained the professional services of the undersigned attorney, as well as the attorneys who file a Notice of Appearance on Plaintiff's behalf.

53. Therefore, Havens has complied with the conditions precedent to recovering attorneys' fees and costs.

54. Havens has incurred or may incur attorneys' fees and costs in bringing this lawsuit.

55. The attorneys' fees and costs incurred or that may be incurred by Havens were or are reasonable and necessary.

56. Defendant is liable to Havens and the members of the Overtime Collective for liquidated damages, attorneys' fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

### F.  Relief Sought

57. Havens demands the following relief:

   a) an order under 29 U.S.C. § 216(b) authorizing notice regarding the pendency of this case and the right ot join it to the Overtime Collective;

   b) an order appointing Havens as the representative of the Overtime Collective;

c)  an order appointing Space City Law Firm counsel for the Overtime Collective;

d)  an incentive award for Havens for serving as representative of the Overtime Collective if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

e)  judgment against Defendant in Havens' favor both individually and on behalf of the members of the Overtime Collective for back wages, liquidated damages and attorneys' fees, plus interest and costs; and

f)  all other relief and sums that may be adjudged against Defendant in Havens' favor both individually and on behalf of the members of the Overtime Collective.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

/s/Bridget Davidson
Bridget Davidson
*bdavidson@spacecitylaw.com*
SD Bar No.: 3005005
TBN: 24096858
3603 Sierra Pines Drive
Houston, Texas 77068
Tel.: 713-397-6075
Fax: 713-58301107

ATTORNEY FOR PLAINTIFF