UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HAVENS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-2768 |
| | § | |
| CYCLONE SEPTIC SERVICES, LLC, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

The matter is now before the Court on Defendant's Motion for Reconsideration[1] (ECF 14) and Motion to Set Aside Default Judgment and Request for Expedited Hearing.[2] ECF 17. The Court held a hearing on the record in open court on August 15, 2023. For the reasons set forth below and stated on the record, the Court recommends that Defendant's Motion to Set Aside Default Judgment be GRANTED, the Final Judgment be VACATED, and this case be reinstated on the Court's active docket.

---

[1] Amy Font and John Font, the owners of Cyclone, filed a letter to the Court on July 11, 2023 seeking relief from the Final Judgment. ECF 14. That letter is filed as a Motion for Reconsideration. The Fonts, who are not lawyers, cannot appear pro se on behalf of the Defendant Cyclone. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (stating well-settled rule that corporation cannot appear in federal court without an attorney). The instant motion was filed by counsel for Cyclone on July 27, 2023 and seeks the same relief. ECF 17. Therefore, the Court recommends that Motion for Reconsideration (ECF 14) be denied as moot.

[2] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 19.

## I. Procedural Background

Plaintiff Robert Havens filed a Complaint on August 15, 2022 asserting a claim for violation of the Fair Labor Standards Act (FLSA) against Defendant Cyclone Septic Services, LLC. ECF 1. Plaintiff caused a summons to issue and filed an Affidavit of Service indicating that the summons and Complaint were delivered to "Liam M., Legalzoom.com," as the registered agent for Defendant, on October 5, 2022. ECF 6. Defendant did not file a timely answer or other response. On December 12, 2022, the Court directed the clerk to enter default against Defendant and Ordered Plaintiff to file a Motion for Default Judgment supported by affidavits and to certify notice to Defendant by certified mail, return receipt requested, in accordance with Local Rule 5.5. ECF 9. Plaintiff filed a Motion for Default Judgment on January 3, 2023 and provided a copy of the Motion to Defendant via certified mail sent to "Legalzoom.com" at an Austin, Texas address. ECF 10, 12. The Court entered Final Default Judgment in the amount of $23,876.00 plus post-judgment interest on January 26, 2023. ECF 13. The instant Motion to Set Aside Default Judgment followed on July 27, 2023. ECF 17.

## II. Legal Standards

Under Federal Rule of Civil Procedure 55(c), a district court may set aside a default judgment under Rule 60(b). Federal Rule of Civil Procedure 60(b) grants

district courts discretion to relieve a party from a final judgment for the following reasons: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, vacated, or is no longer equitable; or (6) "any other reason that justifies relief." Rule 60(b)(1) is at issue here. ECF 17 at 12. The Fifth Circuit instructs that in determining whether good cause exists to set aside default judgment under Rule 60(b)(1), the Court should examine "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018). In the Fifth Circuit, default judgments are generally disfavored, and determination on the merits is preferred. *Id.* (citing *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984) and *In re OCA, Inc.*, 551 F.3d 359, 370-71 (5th Cir. 2008)). A district court's decision to set aside a default judgment is reviewed for abuse of discretion and the court's fact-finding regarding willfulness is reviewed for clear error. *Koerner*, 910 F.3d at 225 (citations omitted).

### III. Analysis

### A. The Court finds Defendant's default was not willful.

Defendant argues that default judgment should be set aside because the return of service on file is insufficient as a matter of law. ECF 17 at 9-10. More specifically, Defendant argues the return of service does not adequately identify "Liam M." or explain the basis for his authority to accept service on behalf of LegalZoom as required by Texas law. *Id.*; *Martinez v. Disa Glob. Sols. Inc.*, No. 5:18-CV-220-DAE, 2018 WL 10854568, at *5 (W.D. Tex. Sept. 7, 2018) (holding proof of service insufficient because the return did not make clear that the person signing was an employee authorized to accept service of process). Defendant also argues the default judgment is improper because the Motion for Default Judgment was not mailed to Cyclone (as opposed to LegalZoom) as required by the Court's Order. The Court ordered Plaintiff to comply with Local Rule 5.5, which says that "Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)." In sum, Defendant argues that it did not willfully default and would have hired an attorney and responded had it been aware of this lawsuit or the motion for default judgment. ECF 17-1 (Declaration of John Font in Support of Motion to Set Aside Default Judgment) ¶ 9.

In support of the Motion to Set Aside Default Judgment, John Font has provided a Declaration stating he is a welder who started Cyclone, a septic system cleaning business, in March 2021 with no prior business experience. *Id. ¶¶* 3-4. He relied on LegalZoom for all the documentation and "did not know what a registered agent was or did at the time [he] began Cyclone." *Id. ¶* 5. Font represents that he never saw a copy of the Summons and Complaint or the Motion for Default Judgment and never received any information regarding the lawsuit. *Id. ¶* 8. Font learned of the Final Judgment in July 2023 when the company bank account was frozen as the result of a garnishment proceeding. *Id. ¶* 10. In a Supplemental Declaration submitted with Cyclone's Reply, Font represents that he received a phone call from Plaintiff's prior counsel, Melissa Moore, in 2022 in which she expressed interest in settling Plaintiff's claim that Cyclone owed him money but says Moore never mentioned a demand letter and the call was not heated or argumentative. ECF 23-1.

Meanwhile, Plaintiff contends that Cyclone's failure to answer the lawsuit was willful. First, Plaintiff points out that LegalZoom is the Registered Agent for Cyclone. *See, e.g.,* ECF 18 at 6. Plaintiff argues that it followed all applicable laws and rules regarding service, return of service, and service of the Motion for Default Judgment because public records list LegalZoom as the Registered Agent for service

5

of process on Cyclone. Plaintiff has presented evidence, albeit unauthenticated due to the expedited nature of this proceeding, that LegalZoom uploaded documents for service on Cyclone to a "portal" for access by the client, which triggers an automatic email notification to the client. ECF 24, 25. Plaintiff also presented evidence that LegalZoom's procedures include sending a postcard notifying the client that documents have been uploaded to the portal. *Id*. Plaintiffs contend this evidence disputes Font's contention that he never received any information about the lawsuit or the Motion for Default Judgment. Further, Plaintiff contends that Cyclone's failure to monitor its mail and portal from LegalZoom constitutes willful inattention rather than excusable neglect.

Plaintiff also presented live testimony at the hearing from Plaintiff's former attorney, Melissa Moore. Moore testified that John Font called her after he received a pre-suit demand letter sent to Cyclone through LegalZoom. Plaintiff argues this testimony demonstrates that Font knew how to receive, and did receive, information from LegalZoom and that Font was aware of a potential suit, if not the actual pending lawsuit. Moore testified that Font was verbally abusive to her during the phone call and made comments about "CPS," which she did not understand. Some days later, Plaintiff called Moore to tell her that CPS (Child Protective Services) was at his

6

house, at which point Moore inferred that Font's mention of "CPS" during the phone call had been referring to an intention to report Plaintiff to CPS.

Moore's testimony and Font's Declaration create a factual dispute regarding the nature of the phone call between Font and Moore. However, the factual dispute is not relevant to the issue before the Court because the phone call concerned a pre-suit demand and does not demonstrate that Cyclone was aware of the filed lawsuit or the Motion for Default Judgment. Further, although Plaintiff's service of the Summons and Complaint on LegalZoom as Cyclone's Registered Agent was procedurally proper, no conclusive evidence rebuts John Font's testimony that he never received the Summons, Complaint, or Motion for Default Judgment. Plaintiff concedes the Motion for Default Judgment was mailed to LegalZoom and not to Cyclone's last known address. While mailing the Motion for Default Judgment to the same registered agent on whom the summons was served does not violate the Court's Order to serve the motion in accordance with Local Rule 5.5, a better practice would have included sending a copy to Defendant's last known address via certified mail, return receipt requested.

The Defendant is a relatively new company, formed by an owner without business experience, and which was unrepresented by counsel at the time of the entry

of default and default judgment. The evidence regarding Cyclone's actual receipt of the Complaint is inconclusive. The fact that Defendant, through Font, was aware of a pre-suit demand does not demonstrate that Defendant had actual knowledge that a lawsuit had been filed. Thus, the Court finds that Defendant has met its burden to show that the default was not willful.

### B. Defendant may have meritorious defenses.

When analyzing whether good cause exists to set aside a default judgment, the Court considers whether a defaulting defendant can demonstrate some possibility that a result on the merits would be contrary to the result achieved through default. *In re OCA, Inc.*, 551 F.3d at 373. Defendant's Motion raises a few potentially meritorious defenses to Plaintiff's FLSA overtime claim. First, the FLSA only protects employees engaged in interstate commerce or employed by an enterprise engaged in interstate commerce. *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (citing 29 U.S.C. § 207(a)). In his Declaration, Font swears that Cyclone "does not service outside counties of Harris or Montgomery Counties, much less the State of Texas." ECF 17-1 ¶ 2. While the interstate commerce requirement is not a jurisdictional issue as argued by Defendant (ECF 17 at 16), it is an element of Plaintiff's claim on which he bears the burden of proof. *Id.*; *Tran v. Thai*, No. CIV.A. H-08-3650, 2010 WL 5232944, at *1 (S.D. Tex. Dec.

16, 2010) (holding that "a challenge to FLSA coverage based on the absence of an employee's engagement in interstate commerce . . . is a challenge to the merits, not to subject-matter jurisdiction.").

Font also contends Plaintiff was an independent contractor, rather than an employee, of Cyclone; he performed worked for several other companies; and worked for Cyclone only when Plaintiff called to ask for an assignment. ECF 17-1 ¶¶ 12-14. Font further disputes the number of hours Plaintiff claims to have worked and has attached Plaintiff's paychecks and stubs from Cyclone. *Id.* ¶ 16. The Court finds Defendant has demonstrated a possibility that it will be able to present a meritorious defense to Plaintiff's claims and that allowing the defense to be presented could result in an outcome that is contrary to the Final Judgment entered on default.

### C. Plaintiff has not shown prejudice.

Prejudice from delay or from merely having to proceed to trial are not the type of prejudice that defeats the motion to set aside a default judgment. *Glenn v. Carter*, No. W-09-CV-071, 2010 WL 11542080, at *2 (W.D. Tex. May 24, 2010) (holding that for delay to amount to prejudice for purposes of opposing a Rule 60(b)(1) motion "the nonmovant must show that such a delay 'will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and

9

collusion.'" (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)). Plaintiff argues that he has incurred additional attorneys' fees and costs in his effort to collect on the default judgment. ECF 18 at 7. Plaintiff has not cited any authority holding that this type of prejudice weighs in favor of denying a Rule 60(b)(1) motion. The prejudice to Plaintiff does not outweigh the interest of having the case decided on the merits.

## IV.   Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendant's Motion for Reconsideration (ECF 14) be DENIED AS MOOT; that Defendant's Motion to Set Aside Default Judgment (ECF 17) be GRANTED; that the Final Judgment entered in this case (ECF 13) be VACATED; and that Defendant be ordered to file an Answer to the Complaint in this case within 14 days of entry of any order adopting this Memorandum and Recommendation.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 17, 2023, at Houston, Texas.

                                        Christina A. Bryan
                                  United States Magistrate Judge